UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DAWN M. POSEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:15-cv-01906-TWP-MPB |
| ) | |
| NANCY A. BERRYHILL[1], Acting Commissioner ) | |
| of the Social Security Administration, ) | |
| ) | |
| Defendant. ) | |

**ENTRY ON JUDICIAL REVIEW**

Plaintiff Dawn M. Posey ("Posey") requests judicial review of the final decision of the Commissioner of the Social Security Administration (the "Commissioner"), denying her applications for Social Security Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. § 423(d) (the "Act"), and Supplemental Security Income ("SSI") under Title XVI of the Act, 42 U.S.C. § 1382c(a)(3). For the following reasons, the Court **REMANDS** the decision of the Commissioner.

I.   **BACKGROUND**

On November 16, 2011, Posey filed applications for DIB and SSI, alleging a disability onset date of March 1, 2007, due to cervical, thoracic, and lumbar degenerative disc disease, diverticulitis, history of Methicillin-resistant Staphylococcus Aureus ("MRSA") infection, obesity, anxiety, and depression. (Filing No. 14-2 at 17.) Her claims were initially denied on June 11, 2012, and again on reconsideration on October 24, 2012. *Id.* Posey filed a written request for

---

[1] Nancy A. Berryhill is now the Acting Commissioner of the Social Security Administration. Pursuant to Rule 25 (d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill is substituted for former Acting Commissioner Carolyn W. Colvin as the defendant in this suit.

a hearing on December 18, 2012. *Id.* A hearing was held on March 19, 2014, before Administrative Law Judge Mark Ziercher, who concluded a supplemental hearing was required with the assistance of a medical expert. *Id*. at 105. The supplemental hearing was held on July 7, 2014, before Administrative Law Judge D. Lyndell Pickett (the "ALJ"). *Id.* at 17. Posey was present and represented by counsel, Stacy Burton Crider. *Id.* A vocational expert, Jeannie Deal (the "VE"), appeared by telephone and testified at the hearing. *Id.* On July 17, 2014, the ALJ denied Posey's applications for DIB and SSI. *Id.* at 14-28. Following this decision, Posey requested review by the Appeals Council on August 4, 2014. *Id.* at 13. On October 29, 2015, the Appeals Council denied Posey's request for review of the ALJ's decision, thereby making the ALJ's decision the final decision of the Commissioner for purposes of judicial review. *Id.* at 2-4. On December 3, 2015, Posey filed this action for judicial review of the ALJ's decision pursuant to 42 U.S.C. § 405(g). (Filing No. 1.)

Posey was thirty-seven (37) years old at the time of her alleged onset date. She has a high school education and past relevant work as a medical assistant, warehouse working, and receptionist. Upon application for social security benefits, and on subsequent appeals, Posey alleged disability based on cervical, thoracic, and lumbar degenerative disc disease, diverticulitis, history of Methicillin-resistant Staphylococcus aureus (MRSA) infection, obesity, anxiety, and depression. Posey's relevant medical evidence as set forth in the parties' briefs is not disputed, therefore, the Court incorporates by reference the factual and medical background detailed in the parties' briefs (*See* Filing No. 17 and Filing No. 18), but will articulate specific facts as needed in the "Discussion" section.

## II. DISABILITY AND STANDARD OF REVIEW

Under the Act, a claimant may be entitled to DIB or SSI only after she establishes that she

is disabled. Disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). In order to be found disabled, a claimant must demonstrate that her physical or mental limitations prevent him from doing not only her previous work but any other kind of gainful employment which exists in the national economy, considering her age, education, and work experience. 42 U.S.C. § 423(d)(2)(A).

The Commissioner employs a five-step sequential analysis to determine whether a claimant is disabled. At step one, if the claimant is engaged in substantial gainful activity, she is not disabled despite her medical condition and other factors. 20 C.F.R. § 416.920(a)(4)(i). At step two, if the claimant does not have a "severe" impairment that meets the durational requirement, she is not disabled. 20 C.F.R. § 416.920(a)(4)(ii). A severe impairment is one that "significantly limits [a claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c). At step three, the Commissioner determines whether the claimant's impairment or combination of impairments meets or medically equals any impairment that appears in the Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1, and whether the impairment meets the twelve month duration requirement; if so, the claimant is deemed disabled. 20 C.F.R. § 416.920(a)(4)(iii).

If the claimant's impairments do not meet or medically equal one of the impairments on the Listing of Impairments, then her residual functional capacity will be assessed and used for the fourth and fifth steps. Residual functional capacity ("RFC") is the "maximum that a claimant can still do despite his mental and physical limitations." *Craft v. Astrue*, 539 F.3d 668, 675–76 (7th Cir. 2008) (citing 20 C.F.R. § 404.1545(a)(1); SSR 96-8p). At step four, if the claimant is able to perform her past relevant work, she is not disabled. 20 C.F.R. § 416.920(a)(4)(iv). At the fifth and

final step, it must be determined whether the claimant can perform any other work in the relevant economy, given her RFC and considering her age, education, and past work experience. 20 C.F.R. § 404.1520(a)(4)(v). The claimant is not disabled if she can perform any other work in the relevant economy.

The combined effect of all the impairments of the claimant shall be considered throughout the disability determination process. 42 U.S.C. § 423(d)(2)(B). The burden of proof is on the claimant for the first four steps; it then shifts to the Commissioner for the fifth step. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992).

Section 405(g) of the Act gives the court "power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). In reviewing the ALJ's decision, this Court must uphold the ALJ's findings of fact if the findings are supported by substantial evidence and no error of law occurred. *Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* Further, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ. *Overman v. Astrue*, 546 F.3d 456, 462 (7th Cir. 2008). While the Court reviews the ALJ's decision deferentially, the Court cannot uphold an ALJ's decision if the decision "fails to mention highly pertinent evidence, . . . or that because of contradictions or missing premises fails to build a logical bridge between the facts of the case and the outcome." *Parker v. Astrue*, 597 F.3d 920, 921 (7th Cir. 2010) (citations omitted).

The ALJ "need not evaluate in writing every piece of testimony and evidence submitted." *Carlson v. Shalala*, 999 F.2d 180, 181 (7th Cir. 1993). However, the "ALJ's decision must be based upon consideration of all the relevant evidence." *Herron v. Shalala*, 19 F.3d 329, 333 (7th

Cir. 1994). The ALJ is required to articulate only a minimal, but legitimate, justification for his acceptance or rejection of specific evidence of disability. *Scheck v. Barnhart*, 357 F.3d 697, 700 (7th Cir. 2004).

### III. THE ALJ'S DECISION

The ALJ first determined that Posey met the insured status requirement of the Act through March 31, 2011. The ALJ then began the five-step analysis. At step one, the ALJ concluded that Posey had not engaged in substantial gainful activity since February 1, 2007, the alleged onset date. At step two, the ALJ found that Posey had the following severe impairments: cervical, thoracic, and lumbar degenerative disc disease, diverticulitis, history of MRSA infection, obesity, anxiety, and depression. The ALJ also found that Posey suffered from medically determinable impairments of headaches and hypertension, but these two impairments were not severe. At step three, the ALJ concluded that Posey does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.

The ALJ then determined that Posey had an RFC to perform sedentary work, but with the following limitations:

> claimant can occasionally lift and carry twenty pounds occasionally and frequently lift and carry ten pounds. The claimant can stand or walk two hours of an eight-hour workday and sit for six hours of an eight-hour workday. The claimant can occasionally climb ramps and stairs but never ladders, ropes, or scaffolds. She can occasionally balance, stoop, kneel, and crouch, but cannot crawl. The claimant is limited to performing simple, routine, unskilled tasks away from the general public. The work must not involve health care or food preparation. She must avoid all exposure to hazards such as work unprotected heights and dangerous machinery.

(Filing No. 14-2 at 23.) At step four, the ALJ found that Posey had past relevant work as a medical assistant, warehouse worker, and receptionist, which Posey is unable to perform. At step five, the ALJ determined that Posey was not disabled because there were jobs that existed in significant

numbers in the national economy that Posey could perform, considering her age, education, work experience, and RFC. Those jobs included document preparer, final assembler, and check weigher. Therefore, the ALJ denied Posey's applications for DIB and SSI because she was not disabled.

### IV. **DISCUSSION**

In her request for judicial review, Posey asserts three reasons for remand. First, she contends the ALJ erred in dismissing, as non-severe, the uncontradicted evidence that she suffers from severe migraine headaches. Second, Posey asserts the ALJ failed to properly address her limitations in concentration, persistence or pace, and her need to use a cane to walk when posing hypothetical questions to the VE. Lastly, she argues the ALJ failed to obtain a medical opinion when determining Posey does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, specifically listing 1.04.

In his written decision, the ALJ found that Posey suffered from a medically determinable impairment of headaches. The ALJ concluded that this impairment was non-severe because "there is no objective evidence of more than minimal functional limitations" or any evidence of "neurological abnormalities or deficits in activities of daily living." (Filing No. 14-2 at 20.)

In determining that this matter must be remanded to the ALJ for further consideration, the Court first notes that the ALJ erred in finding Posey's headaches non-severe for lack of objective evidence. "Once the claimant produces medical evidence of an underlying impairment, the Commissioner may not discredit the claimant's testimony as to subjective symptoms merely because they are unsupported by objective evidence." *Carradine v. Barnhart*, 360 F.3d 751, 753 (7th Cir. 2004) (citations omitted); *see also Moore v. Colvin*, 743 F.3d 1118, 1125 (7th Cir. 2014)

6

(holding "the ALJ erred in rejecting [plaintiff's] testimony [of chronic migraines] on the basis that it cannot be objectively verified with any reasonable degree of certainty").

Even if the ALJ adequately found Posey's medically determinable impairment of headaches to be non-severe, remand is still warranted because the ALJ failed to discuss Posey's headaches when explaining his RFC determination. The ALJ acknowledged in his written decision that, when making his RFC determination, an ALJ must consider all the impairments of the claimant, including both severe and non-severe impairments. (Filing No. 14-2 at 18). In acknowledging this requirement, the ALJ cited 20 CFR 404.1520(e), 404.1545, 416.920(e), 416.945, and SSR 96-8p. The ALJ, however, did not mention the non-severe impairment of headaches after step two of his disability analysis and, accordingly, the Court remands this case to the ALJ for further consideration. "While a 'not severe' impairment(s) standing alone may not significantly limit an individual's ability to do basic work activities, it may--when considered with limitations or restrictions due to other impairments--be critical to the outcome of a claim." SSR 96-8P (S.S.A. July 2, 1996).

The ALJ presented to the VE a hypothetical individual of the same age, education, and work experience as Posey who has the RFC to: lift 20 pounds occasionally and 10 pounds frequently; stand two hours out of an eight-hour day; sit six hours out of an eight-hour day; no climbing of ladders, ropes, or scaffolds; no crawling; only occasional climbing of ramps and stairs; occasional balancing, stooping, kneeling, and crouching. All the work should be simple, routine, unskilled, away from the general public; would not involve food preparation or giving of personal health care; and would not involve working around any hazardous conditions such as heights or dangerous machinery. (Filing No. 14-2 at 78.) After review of the record, the Court also finds remand is required because, when presenting the hypothetical to the VE, the ALJ did not address

7

Posey's moderate difficulties in maintaining concentration, persistence or pace, as well as her need to walk with a cane. In his decision, the ALJ found that Posey has moderate difficulties in concentration, persistence, or pace. (Filing No. 14-2 at 22.). The ALJ's decision also discusses Posey's cane use. *Id*. at 21, 25. The ALJ, however, did not mention Posey's cane use in the hypothetical to the VE and, to address Posey's moderate difficulties in maintaining concentration, persistence, or pace, rather, the ALJ limited the hypothetical to "simple, routine, unskilled" work. This is insufficient. *See Yurt v. Colvin*, 758 F.3d 850, 857 (7th Cir. 2014) ("[a]s a general rule, both the hypothetical posed to the VE and the ALJ's RFC assessment must incorporate all of the claimant's limitations supported by the medical record"); *see also O'Connor-Spinner v. Astrue*, 627 F.3d 614, 620 (7th Cir. 2010) (holding the ALJ erred because limiting the hypothetical to simple, repetitive work does not necessarily address deficiencies of concentration, persistence and pace); *Jelinek v. Astrue*, 662 F.3d 805, 813 (7th Cir. 2011) (holding the ALJ erred in limiting his hypothetical to "sedentary" and "light" unskilled work, because none of those terms address the impact of plaintiff's mental limitations to maintain regular work attendance, to carry out instructions, and to deal with the stresses of full-time employment) (citations omitted).

The Court additionally notes, although an ALJ may adequately rely on the reports of state agency physicians when determining whether a claimant meets a listed impairment,[2] the ALJ's step three analysis with respect to listing 1.04 is deficient. The ALJ specifically found:

> The claimant's degenerative disc disease has not resulted in the nerve root involvement, sensory or reflex loss, spinal arachnoiditis, or ambulatory limitation required under listing 1.04 Disorders of the Spine. She utilizes a cane but is abnormality independently. The claimant has normal sensation and reflexes in lower extremities. The record shows no history of spinal arachnoiditis (Exhibit 50F; Exhibit 108F at 9).

---

[2] *See Scheck v. Barnhart*, 357 F.3d 697, 700 (7th Cir. 2004) (holding an ALJ may properly rely upon the opinion of state agency physicians when determining whether a claimant meet or equal a listing.).

(Filing No. 14-2 at 21). Posey, however, points to evidence in the record of degenerative disc disease and facet arthritis, as well as sensory or reflex loss and nerve root or spinal cord compromise. See (Filing No. 14-9 at 30-31, 34; Filing No. 14-10 at 32; Filing No. 14-13 at 19, 92; Filing No. 14-14 at 5-6, 9, 60, 66, 95; Filing No. 14-16 at 2; Filing No. 14-17 at 49-51; Filing No. 15-1 at 11-12, 24; Filing No. 15-7 at 4, 6; Filing No. 15-8 at 36). "Although the ALJ need not discuss every piece of evidence in the record, he must confront the evidence that does not support his conclusion and explain why it was rejected." *Indoranto v. Barnhart*, 374 F.3d 470, 474 (7th Cir. 2004). The ALJ failed to confront evidence contrary to his conclusion and "presented only a skewed version of the evidence." *See Moore v. Colvin*, 743 F.3d at 1123 (7th Cir. 2014). Accordingly, remand is required.

## V. CONCLUSION

For the reasons set forth above, the final decision of the Commissioner is **REMANDED** for further proceedings as authorized by Sentence Four of 42 U.S.C. § 405(g).

**SO ORDERED.**

Date: 3/27/2017

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Charles D. Hankey
charleshankey@hankeylawoffice.com

Kathryn E. Olivier
UNITED STATES ATTORNEY'S OFFICE
kathryn.olivier@usdoj.gov